Peter A. Liebow, Esq. (SBN 116696)
Edward A. Kraus, Esq. (SBN 162043)
CREECH, LIEBOW & KRAUS
333 West San Carlos Street, Suite 1600
San Jose, CA 95110
Telephone: (408) 993-9911
Facsimile: (408) 993-1335

Attorneys for Defendant,
RIO GRANDE PAINTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; LES PROTEAU AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>RIO GRANDE PAINTING, INC.,<br><br>　　　　　Defendant. | Case No.: C 07 5442 PJH<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  January 16, 2008<br>Time:  9:00 a.m.<br>Courtroom:  3 |

NOTICE OF MOTION AND MOTION TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT, at 9:00 a.m., or as soon thereafter as the matter may be heard, Defendant RIO GRANDE PAINTING, INC. (hereinafter "RIO GRANDE"), in the United States District Court for the Northern District of California, Courtroom 3, 17th floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Phyllis J. Hamilton presiding, will move the Court to dismiss the Complaint in this action, pursuant to Rule 12(b)(6)

---
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES            1

1 of the Federal Rules of Civil Procedure, on the grounds that Plaintiffs have failed to state facts
2 establishing a claim upon which relief can be granted. Specifically, the claims set forth in the
3 Complaint are barred by the doctrine of res judicata in that a Stipulated Judgment was filed in an
4 earlier action covering the same transactional set of facts as in this action, and between the same
5 parties.

6     This motion is based upon this Notice, the Memorandum of Points and Authorities filed
7 in support of the motion, the Request for Judicial Notice and the accompanying documents, and
8 upon all pleadings, files and records herein, and upon such matters and argument as may be
9 presented to the Court at the hearing of this motion.

10 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
11 **MOTION TO DISMISS**
12 **I.     STATEMENT OF ISSUES TO BE DECIDED**

13     The main issue to be decided on this motion is whether the allegations in the Complaint,
14 taken as true for purposes of this motion, fail to state a cognizable claim. Simply put, the parties
15 have already entered into a Stipulated Judgment in an earlier action which involves the same
16 issues that have been filed with this Court. A true and correct copy of that Stipulated Judgment
17 is attached as Exhibit A to the accompanying Request for Judicial Notice. The appropriate
18 method for enforcing the right to an audit and seeking any additional sums from RIO GRANDE,
19 if any owed, would be a Motion to Enforce the Stipulated Judgment in the prior action, and not
20 filing a new lawsuit. A new lawsuit is barred by the doctrine of res judicata.

21 **II.     STATEMENT OF FACTS**

22     The same parties to this litigation (with the exception of one different trustee Fred Inman
23 and Les Proteau, who apparently replaced Mr. Inman as a Board of Trustee member for one of
24 the Plaintiffs) were parties to earlier resolved litigation in this Court, Case No. C07-2376 MMC.
25 That litigation resolved with a Judgment pursuant to Stipulation. RIO GRANDE requests that
26 the Court take Judicial Notice of that Stipulated Judgment.

27     The Stipulated Judgment resolves claims made by the Plaintiffs that RIO GRANDE
28 failed to make contributions to the Union Trust Fund as required by the Collective Bargaining

Agreement. The resulting Stipulated Judgment sets forth amounts owed through July, 2007 with interest calculated through August 15, 2007. That Stipulated Judgment sets up a two-year payment plan and settlement for all contributions due and owing.

In addition, the Stipulated Judgment states in Paragraph 5:

> "Beginning with contributions due for hours worked by defendant's employees during the month of July 2007, to be postmarked no later than August 15, 2007, and for every month thereafter that the Bargaining Agreement remains in effect, defendant shall remain **current in contributions** due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended . . .. Failure by defendant to fax reports as described above or remain current in its contributions shall constitute a default of the obligation under this agreement. The cure provisions of Paragraph 4(b) and the default provisions of Paragraph 8 shall apply. Any such uncured and unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein." (Paragraph 5 of the Judgment.)

Further, Paragraphs 7 and 11 establish a mechanism for amending the Stipulated Judgment to either increase or decrease the total amount owed after both parties had an opportunity to finalize the accounting. At the time of the settlement, both parties recognized that there was some accounting issues which made it difficult to finalize a specific amount. One such method at Plaintiffs' disposal to determine the fixed amount of contributions includes Plaintiffs' ability to audit. Also, any default of the Stipulated Judgment requires a seven-day notice to cure the default.

Paragraph 7 states:

> "Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant, in writing, of the amount of the final lump sum payment and any additional amounts claimed pursuant to the Stipulation, which shall include, but not limited to, any additional attorneys' fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before July 20, 2009." (Paragraph 7 of the Judgment.)

///

///

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES    3

L:\Riogr-02\Motion to Dismiss\Notice of Motion to Dismiss (12.6.07).doc

Paragraph 11 states:

> "Defendant believes that payments may have been made to the Trust Funds that have not been applied to reduce the total amount due. Defendant is expressly reserving the right to present documentation in support of its claim that the amount due above is incorrect. In the event that the evidence presented demonstrates that a lesser amount is due, the Stipulation will be amended accordingly to reduce the amount due pursuant to this Stipulation.
>
> Plaintiffs similarly reserve the right to demonstrate that additional amounts to those herein provided due, for periods prior to entry of this Stipulation, and in that event the Stipulation will be amended accordingly to increase the total amounts due. Plaintiffs specifically reserve all rights available for collection of contributions incurred before or after execution of this Agreement.
>
> To amend this Judgment to reduce or increase any amounts due, the parties must present sufficient documentary evidence to demonstrate such change. Both parties reserve their rights to request that the Court amend the Judgment." (Paragraph 11.)

### III.    ARGUMENT

#### A.    COURT MAY CONSIDER JUDICIALLY COGNIZABLE DOCUMENTS IN RULING UPON A MOTION TO DISMISS.

In resolving a Motion to Dismiss under Federal Rule of Civil Procedure 12, the Court must determine whether the facts alleged in the Complaint, if true, entitled Plaintiffs to the requested remedy. Dismissal is proper when there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The Court must assume the truth of all well-pleaded factual allegations and construe them in the light most favorable to the nonmoving party. (*Thompson v. Davis*, 295 F.3d 890, 895 (9th cir. 2002).

However, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations." (*In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 751 (N.D. Cal. 1997) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th cir. 1981)); (*Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).) In fact, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to

1  state a claim." (*Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1139 (9th Cir. 1996) (dismissal
2  affirmed because plaintiff's claim consisted of unwarranted inferences.))
3      While ordinarily a Court may only look at the face of a complaint to decide a motion to
4  dismiss (*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)),
5  documents properly the subject of judicial notice may also be considered in deciding a motion to
6  dismiss. (*Mullis v. U.S. Bank Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Sears, Roebuck & Co.*,
7  245 F.2d 67, 70 (9th Cir 1956).)
8      Thus, a Court filed document from a case arising from this Court, the United States
9  District Court, Northern District, complies with Federal Rule of Evidence 201 as a document by
10 which this Court may take Judicial Notice thereof.

11 **B.     THE DOCTRINE OF RES JUDICATA BARS THIS NEW COMPLAINT.**

12     The Complaint before this Court fails to state a legally cognizable claim because the
13 claims set forth by Plaintiffs are barred by the doctrine of res judicata. Res judicata can serve as
14 the basis for a grant of a motion to dismiss. (*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.
15 2002.)
16     "Res judicata, also known as claim preclusion, prohibits lawsuits on `any claims that
17 were raised or could have been raised' in a prior action." (*Id.*) (citing *Owens v. Kaiser Foun.*
18 *Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "Res judicata applies when there is `(1) an
19 identity of claims; (2) a final judgment on the merits, and (3) identity or privity between parties."
20 (*Id.*) (citation omitted)
21     As will be discussed below, the test for res judicata is met by the facts of this case as
22 alleged in the Complaint and as set forth in the Judgment attached to the Request For Judicial
23 Notice.
24 ///
25 ///
26 ///
27 ///
28 ///

_____5
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

L:\Riogr-02\Motion to Dismiss\Notice of Motion to Dismiss (12.6.07).doc

**1.     An Identity of Claims**

"The centeral criterion in determining whether there is an identity of claims between the first and second adjudications is `whether the two suits arise out of the same transactional nucleus of facts." (*Owens v. Kaiser Foun. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The 9th Circuit has set forth a set of factors to consider when determining if a present dispute concerns the same claims as did prior litigation:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important. (*Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1052 (9th Cir. 2005.)

In the case at bar, the claims are identical. The fundamental test of whether the claims arise from the same transaction is met. Both Complaints relate solely to RIO GRANDE'S alleged failure to pay contributions to the Plaintiffs' Trust Fund and what amounts are due and owing during both the relevant time periods and on an ongoing basis. The Stipulated Judgment creates a payment plan for an estimated payoff of due and owing contributions. That Stipulated Judgment also requires that RIO GRANDE keep current. Finally, the Stipulated Judgment has a mechanism for amending that Stipulated Judgment to add subsequently discovered unpaid contributions which are owing through June, 2007.

The new Complaint requests payment for unpaid contributions from January 1, 2006 through present, and to compel an audit. The Stipulated Judgment payment plan covers contributions due and owing through June, 2007. The Stipulated Judgment then deals with contributions from July, 2007 through present by requiring RIO GRANDE to keep current with its contributions. Failure to keep current is a default of the Stipulated Judgment. Further, Plaintiffs are required to issue a seven-day written cure notice to allow RIO GRANDE the opportunity to cure any default thereby requiring and allowing RIO GRANDE to stay current. Additionally, the Stipulated Judgment allows the parties to amend the Stipulated Judgment for any subsequent discovered unpaid or overpaid amounts.

1   Thus, the first litigation resulting in a Stipulated Judgment involves the same
2 transactional issues as the current Complaint. The Stipulated Judgment "prevents litigation of all
3 grounds and defenses that were or could have been raised in the action." (*In re Imperial Corp. of*
4 *America*, 92 F.3d 1503, 1506 (9th Cir. 1996.).)
5   Thus, applying the test to the facts at issue, all of those elements are met. First, the rights
6 and interests litigated in the first action and concluded by a Stipulated Judgment would be
7 impaired by prosecution of the second action. Allowing the second action to proceed would
8 effectively eliminate the bargained for payment plan and mechanism for dealing with
9 additionally discovered contributions from the relevant time period, if any. It appears the intent
10 of Plaintiffs by filing this new action is to avoid the terms and conditions of the Stipulated
11 Judgment. This is precisely why the concept of res judicata was founded; to avoid having to re-
12 litigate determined issues between the parties.
13   Second, the exact same evidence would be relevant to both actions. Again, both actions
14 involve the same issues, RIO GRANDE'S failure to pay contributions to the Plaintiffs.
15   Third, as discussed above, the two lawsuits involve the infringement of the same rights
16 and obligations which arise solely from the same collective bargaining agreement at issue in both
17 actions.
18   Finally, and again as discussed above, the two lawsuits arise from the same transactional
19 nucleus of facts. Thus, the two actions involve identical claims.
20   **2.   Final Judgment on the Merits**
21   As the 9th Circuit stated in *In Re Baker*, 74 F.3d 906, 910 (9th Cir. 1996), "[f]or res
22 judicata purposes, an agreed or stipulated judgment is a judgment on the merits." (*Id.*)(See *U.S.*
23 *v. International Bldg. Co.,* 345 U.S. 502, 505-06 (1953). "A final judgment on the merits of an
24 action precludes the parties from re-litigating issues that were or could have been raised in that
25 action." (*Id.*)
26   In the case at bar, the Stipulated Judgment precludes re-litigation of the issues related to
27 unpaid contributions between the parties, and creates a system for making sure RIO GRANDE
28 stays current.

### 3. Privity between Parties

"'Privity'. . . is a legal conclusion `designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" (*Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047 (9th Cir. 2005).) "'[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.'" (*Id.*) (citation omitted.)

In the case at bar, the parties are identical. The only difference is one trustee has replaced another. The fundamental parties, Plaintiffs being the Trust Fund, and RIO GRANDE are identical.

## IV.    CONCLUSION

Based upon the aforementioned, Defendant RIO GRANDE PAINTING, INC. hereby request that pursuant to Federal Rule of Civil Procedure 12(b)(6) this Court dismiss Plaintiffs' Complaint for failure to state a cognizable claim.

DATED: December 6, 2007                    CREECH, LIEBOW & KRAUS

By: _____/s/_____
    EDWARD A. KRAUS
    Attorney for Defendant,
    RIO GRANDE PAINTING, INC.