# EXHIBIT A

1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 -- Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiff
   BAY AREA PAINTERS AND TAPERS
7  PENSION FUND, et al.

8

9

10              UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; FRED INMAN AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>Plaintiffs,<br><br>v.<br><br>RIO GRANDE PAINTING, INC.<br><br>Defendant. | Case No.: C07-2376 MMC<br><br>JUDGMENT PURSUANT TO STIPULATION |

24     1.    Defendant entered into a valid collective bargaining agreement with the District
25  Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining
26  Agreement"). This Bargaining Agreement has continued in full force and effect to the present
27  time.
28

-1-

2. Defendant has become indebted to the Trust Funds for amounts due and owing under the terms of the Collective Bargaining Agreement and Trust Agreements as more fully set forth in Exhibit A attached hereto and incorporated herein by this reference. A summary of the amounts due is provided below, with interest calculated through August 15, 2007 or until contributions were paid:

Account number 2021-073116-00:

| Contributions (balance due) | $ 6,860.84 |
| Liquidated Damages | $ 4,155.94 |
| Interest | $ 721.59 |
| Total Due: | $ 11,738.37 |

Account number 1021-073116-00:

| Contributions | $ 100,581.77 |
| Liquidated damages | $ 13,129.34 |
| Interest | $ 4,228.28 |
| Total Due: | $ 117,939.39 |

| Attorney's Fees (through 8/20/07) | $ 8,770.19 |
| Costs of Suit | $ 350.00 |
| Total Due | $ 9,120.19 |
| Grand Total Due (all amounts above) | $ 138,797.95 |

3. Defendant shall *conditionally* pay the amount of $121,512.67 (the total less $17,285.28 liquidated damages) conditioned on timely compliance with all of the terms of this Stipulation as follows:

- On or before August 27, 2007, defendant shall pay the amount of $5,000.

- Beginning on September 20, 2007, and continuing on or before the 20th of every month thereafter for a period of 12 months (through August 20, 2008), defendant shall pay to plaintiffs $1,415.00 per month.

- Thereafter, beginning on September 20, 2008 and continuing on or before the

-2-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-2376 MMC

1  20th of every month thereafter for a period of 10 months (through June 20, 2009), defendant shall
2  pay to plaintiffs **$4,245.00** per month.

3  • On or before July 20, 2009, defendant shall pay the remainder due, in one lump
4  sum payment. Prior to this payment being due, plaintiffs will confirm, in writing, the amount of
5  this final payment.

6  4.  Defendant shall have the right to increase the monthly payments at any time, or
7  prepay any amount at any time. Payment can be made by joint check, endorsed by defendant prior
8  to submission to plaintiffs.

9  (a)  Payments shall be applied first to unpaid interest at the rate of 7% per
10 annum on the unpaid principal balance, in accordance with plaintiffs' Trust Agreements.

11 (b)  Payments shall be made to the Bay Area Painters and Tapers Trust Funds,
12 and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 120 Howard Street,
13 Suite 520, San Francisco, CA 94105 **on or before the 20th of each month as stated above**, or to
14 such other address as may be specified by plaintiffs. In the event that any check is not timely
15 submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for
16 any reason for which Defendant is responsible, this shall be considered to be a default on the
17 Judgment entered. If this occurs, plaintiffs shall make a written demand to defendant to cure said
18 default. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to
19 Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from
20 plaintiffs. If defendant elects to cure said default, and plaintiffs elect to accept future payments,
21 all such payments shall be made by cashier's check. In the event default is not cured, all amounts
22 remaining due hereunder shall be due and payable on demand by plaintiffs.

23 5.  Beginning with contributions due for hours worked by defendant's employees
24 during the month of July 2007, to be postmarked no later than August 15, 2007, and for every

-3-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-2376 MMC

L:\BioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC

month thereafter that the Bargaining Agreement remains in effect, defendant shall remain current in contributions due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287 on the same day of mailing the payment to the Trust Fund office. To the extent that defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Saltzman and Johnson Law Corporation to the attention of Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency.

Failure by defendant to fax reports as described above or remain current in its contributions shall constitute a default of the obligations under this agreement. The cure provisions of Paragraph 4(b) and the default provisions of Paragraph 8 shall apply. Any such uncured and unpaid or late paid contributions, together with 10% liquidated damages and 7% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.

6. It is further stipulated and agreed that Clemente Limon (hereinafter referred to as "guarantor"), the CEO/President of Rio Grande Painting, Inc., shall personally guarantee payment of the amounts owed by defendant to the plaintiffs, under the terms of this Stipulation. In consideration of the terms of this Stipulation, defendant, and guarantor, submit herein to the jurisdiction of this Court and stipulate to the terms set forth herein for any additional payments due to plaintiffs pursuant to paragraphs 4 and 5 herein.

7. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant, in writing, of the amount of the final lump sum payment and any additional amounts

-4-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C07-2376 MMC

claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before July 20, 2009.

8.  In the event that defendant/guarantor fail to make any payment required under Paragraph 3 above, or fail to remain current in any contributions under paragraph 5 above, and fail to cure as set forth in Paragraph 4(b), then:

(a)  The entire balance of $ 138,797.95 plus interest, reduced by principal payments received by Plaintiffs, or any other reductions as set forth in this Agreement, but increased by any unpaid contributions then due, plus 10% liquidated damages and 7% per annum interest thereon as provided in above paragraph 5 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b)  A writ of execution may be obtained against defendant and guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default. <u>Defendant and guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, plaintiffs' obtaining a writ of execution.</u>

(c)  Defendant and guarantor waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution.

(d)  Defendant/guarantor shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection, transmittal and allocation of the amounts owed by defendant to plaintiffs under this Stipulation.

9. Any failure on the part of the plaintiffs to take any action against defendant or guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant or guarantor of any provisions herein.

10. In the event of the filing of a bankruptcy petition by defendant or its guarantor, the parties agree that any payments made by defendant or guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendant or guarantor as a preference under 11 U.S.C. Section 547 or otherwise.

Defendant and its guarantor nevertheless represent that no bankruptcy filing is anticipated.

11. Defendant believes that payments may have been made to the Trust Funds that have not been applied to reduce the total amount due. Defendant is expressly reserving the right to present documentation in support of its claim that the amount due above is incorrect. In the event that the evidence presented demonstrates that a lesser amount is due, the Stipulation will be amended accordingly to reduce the amount due pursuant to this Stipulation.

Plaintiffs similarly reserve the right to demonstrate that additional amounts to those herein provided due, for periods prior to entry of this Stipulation, and in that event the Stipulation will be amended accordingly to increase the total of amounts due. Plaintiffs specifically reserve all rights available for collection of contributions incurred before or after execution of this Agreement.

//
//
//
//
//

L:\RioGr-01\Settlement\Stipulated Judgment (Redlined 8.22.07).DOC

1 | To amend this Judgment to reduce or increase any amounts due, the parties must present sufficient documentary evidence to demonstrate such change. Both parties reserve their rights to request that the Court amend the Judgment.

Dated: August 22, 2007

RIO GRANDE PAINTING, INC.

By: _____
Clemente Limon, CEO/President

Dated: August 22, 2007

CLEMENTE LIMON

_____
Personal Guarantor

Dated: August 24, 2007

SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Michele R. Stafford
Attorneys for Plaintiffs

APPROVED AS TO FORM:

Dated: August 22, 2007

CREECH, LIEBOW & KRAUS

By: _____
Ed Kraus
Attorneys for Defendants

IT IS SO ORDERED

Dated: _August 27_____, 2007

_____
UNITED STATES DISTRICT COURT JUDGE