Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiff
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RIO GRANDE PAINTING, INC.<br><br>Defendant. | Case No.: C07-5442 PJH<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date:      January 16, 2008<br>Time:     9:00 a.m.<br>Location: Courtroom 3 |

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Rio Grande Painting, Inc. (hereinafter Rio Grande) attempts to persuade this Court that the issues in the current claim are identical to those in the prior action, and therefore this action should be dismissed. This is simply not the case. While it is certainly true that Rio Grande again owes money to the Trust Funds, the Complaint in this action was not filed to add additional amounts due. At the time that the Complaint was filed, plaintiffs had no way of knowing, what, if anything, was owed to the Trust Funds. The Complaint was filed to compel an audit of Rio Grande's records.

1    The Trust Funds, pursuant to the terms of both the Collective Bargaining Agreement and Trust Agreement, have the right to audit the books and records of a signatory employer. Several requests had been made to Rio Grande to comply with the requested audit. Finally, Rio Grande allowed the auditors to review their books and records. However, the documents that they provided for the inspection were inadequate and incomplete. Rio Grande assured the auditor that the remaining documents would be provided "shortly", but were not provided, despite multiple requests from the auditors.

Counsel for plaintiffs then contacted Rio Grande's counsel regarding his client's refusal to submit to the audit by providing all of the necessary documents. Even after multiple communications, <u>including a warning that a lawsuit to compel compliance would be filed</u>, Rio Grande *still* failed to provide the necessary documents. Thus, the Complaint was filed.

Rio Grande's suggestion that the prior Judgment should have been Amended makes little sense in the context of this dispute: *how could the Judgment be amended if Rio Grande was preventing plaintiffs from knowing what (if anything) was due?*

## II.     STATEMENT OF FACTS

### A.     The Prior Action

Rio Grande is an employer signatory to a Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades. It was discovered that Rio Grande was significantly delinquent to the Trust Funds in that they had either not paid, or underpaid contributions beginning as early as September, 2006. The prior matter was resolved by Stipulated Judgment.

At the time that settlement was discussed, Rio Grande repeatedly asserted that they did not believe that the amounts claimed due were correct. Rio Grande claimed that they had made additional payments that were not credited to their account. In order to address these concerns, paragraph 11 of the Judgment Pursuant to Stipulation was added. This paragraph (quoted in Rio Grande's Motion to Dismiss) provides Rio Grande the opportunity to provide additional information on what was paid previously. In order to make it "fair", the paragraph was made

reciprocal---plaintiffs could also provide information to show that additional amounts were due. From the time that Rio Grande became signatory, there appeared to be issues regarding payment of contributions.  The Collective Bargaining Agreement requires monthly payment of contributions, however Rio Grande was paying small amounts on a weekly basis. They also had regular mathematical errors in their reports and so frequently underpaid.  Additionally, since the entry of the Stipulated Judgment, several employees have come forward with pay stubs, and additional hours were found due by a Labor Compliance Officer for one of Rio Grande's projects.

### B.	The Current Action

Plaintiffs' auditor attempted to perform an audit of Rio Grande's records, as permitted by the terms of the Collective Bargaining Agreement and Trust Agreements.  Specifically, Article 19 (Administration of Fringe Benefits), subsection 6 of the Northern California Painters Master Agreement to which Rio Grande is signatory (see Stafford Decl.) states that:

*The Board of Trustees or their authorized representatives, may require any....Employer...to submit to it any information relevant to the administration of the Trust. Upon notice in writing from the Trust Funds, an Employer must permit an accountant, or agent of an accountant, of the Board of Trustees to enter upon the premises of such Employer or the Union during business hours to examine and copy the following records....* (Stafford Decl)

The initial demand to Rio Grande was made after the Stipulation was entered, on or about August 27, 2007.  Andrea Williams of Hemming Morse, Inc. (HMI) went to Rio Grande's offices on September 6, 2007.  Rio Grande did not have the majority of the documents required to complete the audit and provided Ms. Williams with the contact information for their CPA, who was to provide all of the missing documents. Ms. Williams spoke to the CPA on September 28, 2007 and followed the conversation with an emailed list of documents required to complete the audit.

Hearing nothing in response to her email, Ms. Williams sent a follow up email to the CPA on October 4, 2007, and then called the CPA on October 8, 2007.  Ms. Williams then emailed the CPA again on October 16, 2007.

On October 22, 2007, plaintiffs' counsel sent a letter to Rio Grande's counsel, addressing a number of issues relative to the prior matter.  Page 2 of the letter sent contained a paragraph as follows:

> ***The Audit:*** *I am advised by the auditor that your client has failed to provide the documents requested. Several emails have been sent by the auditors with no response.  If the missing documents are not provided by* ***Monday, October 22, 2007,*** *we will proceed to file a Complaint to compel the audit.* (Stafford Decl.)

On Monday, October 22, 2007, plaintiffs' counsel communicated with Rio Grande's counsel via email, requesting the status of the audit, asking if the documents were provided, and stating that *"if the documents were not provided I am filing suit today."* (Stafford Decl.).  That same day, an email was sent to the auditor requesting the status. (Stafford Decl.)

On Tuesday, October 23, 2007, the auditor (Ms. Williams) advised that she had not received any documents from either Rio Grande or their CPA. (Stafford Decl.)

The Complaint was sent for filing on October 24, 2007. (Stafford Decl.)

At 3:27 p.m. on Thursday, October 25, 2007 (a full three days past the October 22, 2007 deadline), Ms. Williams advised that some documents were dropped off by an agent of Rio Grande, but that there were still documents missing.  (Stafford Decl.)

The audit was finally completed on or about November 27, 2007, and a "10 day" letter was sent to the employer. The audit found $179,626.21 due to the Trust Funds.  (Stafford Decl.)

### III. THE STANDARDS FOR GRANTING A MOTION TO DISMISS DO NOT FAVOR RIO GRANDE

As the Court is aware, Motions under Rule 12 (b)(6) are generally disfavored: "*The Motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted.*" [***Gilligan v. Jamco Development Corp.*** (9th Circuit 1997) 108 F.3d 246, 249 –internal quotes omitted]. See also ***Colle v. Brazos County, Texas*** (5th Circuit 1993) 981 F.2d 237, 243—challenges to "bare bones pleadings" are doomed with respect to an attack based on a failure to state a claim.

On a 12(b)(6) Motion, the Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  Unless the answer is unequivocally "no" the

motion must be denied. [*Conley v. Gibson* (1957) 355 US 41, 45-46; *De La Cruz v. Tormey* (9th Circuit 1978) 582 F2d 45, 48]  A Rule 12(b)(6) motion is only proper where there is either "a lack of a cognizable legal theory" *or* "the absence of sufficient facts alleged under a cognizable legal theory." [*Balisteri v. Pacifica Police Department* (9th Circuit 1990) 901 F2d 696, 699; *Graehling v. Villiage of Lombard, Ill.* (7th Circuit 1995) 58 F.3d 295, 297—"a suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim."]

The Complaint that Rio Grande addresses in the instant Motion, is a "Complaint to Compel Audit." The allegations in the Complaint are very clear, for instance, paragraph 13 states that:

*Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendant, defendant is required to permit an authorized Trust Fund representative to examine such records of defendant as is necessary to determine whether defendant has made full payment of all sums owed to the Plaintiffs, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreement.*

The remainder of the Complaint alleges that Rio Grande is an employer whom is signatory to a Collective Bargaining Agreement, that Rio Grande did not comply with the requested audit and that they are required to do so pursuant to the Collective Bargaining Agreement.

There is no doubt that the Complaint clearly and unequivocally states a claim against Rio Grande and should not be dismissed.  A 12(b)(6) dismissal is proper only in "extraordinary" cases. [*United States v. Redwood City* (9th Circuit 1981) 640 F.2d 963, 966; *Cauchi v. Brown* (ED CA 1999) 51 F. Supp.2d 1014, 1016 (citing text); *United States v. White* (CD CA 1995) 893 F.Supp. 1423, 1428 (quoting text)]

The Complaint must be construed in the light most favorable to plaintiff. [*Parks School of Business, Inc. v. Symington* (9th Circuit 1995) 51 F.3d 1480, 1484]  Further, a Complaint should not be dismissed for failure to state a claim *unless it appears beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. [*Conley v. Gibson*

(1957) 355 U.S. 41, 45-46; ***Parks School of Business, Inc. v. Symington,*** supra 51 F.3d at 1484] In reviewing a 12(b)(6) motion, the Court must accept as true all material allegations in the Complaint, as well as reasonable inferences to be drawn from them. [***Pareto v. FDIC*** (9th Circuit 1998) 139 F.3d 696, 699; ***Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*** (1993) 507 US 163, 164; ***United States v. White*** (CD CA 1995) 893 F. Supp. 1423, 1428].

The Complaint is not only perfectly clear about the nature of the claim, but is clear that plaintiffs have demonstrated entitlement for the relief requested. At this stage of the litigation, whether of not plaintiffs will prevail is not the issue, the only issue at bar is the face of the pleadings. It is improper for the Court to look further, unless the Court is inclined to treat the Motion to Dismiss as a Motion for Summary Judgment. In considering a 12 (b)(6) motion, "we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claim." [***Nami v. Fauver*** (3rd Circuit 1996) 82 F3d 63, 65; see ***Allison v. California Adult Authority*** (9th Circuit 1969) 419 F2d 822]

The Court may also consider additional briefing to clarify allegations in the Complaint. [***Pegram v. Herdrich*** (2000) 530 US 211, 230; ***Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*** (3rd Circuit 1999) 181 F.3d 410, 428]

**IV.    THE BURDEN IS ON RIO GRANDE TO PROVE THE ABSENCE OF ANY DISPUTED ISSUE OF FACT**

If a rule 12(b)(6) motion presents matters outside of the pleadings, and such evidence is considered by the Court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56…" [FRCP 12(b)] In that event, the standard changes from determining whether a claim for relief has been stated (Rule 12(b)(6) to determining whether there is a "genuine issue of material fact and the moving party is entitled to judgment as a matter of law." (FRCP 56; ***Global Network Communications, Inc. v. City of New York*** (2nd Circuit 2006) 458 F.3d 150]

A dismissal motion is converted to a summary judgment motion if the Court relies on any extraneous materials in ruling on the Motion. [***Alexander v. State of Oklahoma*** (10th Circuit) 382 F.3d 1206, 1213-1214; ***Keams v. Tempe Technical Institute, Inc.*** (9th Circuit 1997) 110 F.3d 44,

46] Unless the Court converts the Rule 12(b)(6) Motion into a Summary Judgment Motion, or the defense is apparent from matters of which a Court may take Judicial Notice, the Court cannot consider material outside the face of the Complaint. [*Arpin v. Santa Clara Valley Transp. Agency* (9th Circuit 2001) 261 F.3d 912, 925]

Rio Grande is requesting that the Court not only review the Stipulated Judgment in the prior matter, but analyze it as to what each provision means. It is clear by review of the document, that it incorporate an audit, the requirements of an audit or what occurs if any amounts are found due on audit. Even if the Court were to agree with Rio Grande, that an audit would be incorporated into the terms of the Agreement, Rio Grande is then asking the Court to also find that the Stipulated Judgment gave plaintiffs the right to conduct an audit and the right to seek enforcement of this requirement though litigation in the prior matter. The requirement for an audit pursuant to the terms of the Collective Bargaining Agreement is a separate and distinct right. The Trust Funds have a system for audits, wherein they move through the signatory employer list and eventually every employer is audited. Plaintiffs counsel has no knowledge of when and if an employer will be audited---to say after the fact that a settlement such as the one in the prior matter precludes plaintiffs from enforcing this right makes no sense and is highly prejudicial. It also requires an analysis of the prior matter and this matter *outside of the scope of the pleadings*. This is not proper via a Motion for Dismiss. This would then be a Motion for Summary Judgment.

**V.   RES JUDICATA DOES NOT APPLY AS THE CLAIMS ARE OBVIOUSLY DIFFERENT**

Correctly stated by Rio Grande in their Motion, Res Judicata prohibits lawsuits on any claims that were raised or could have been raised in a prior action. It applies when there is an (1) *identity of claims*, (2) *a final Judgment on the merits*, and (3) identity or privity between the parties.

Initially a review of both Complaints demonstrates that there is no identity of claims. The first Complaint was filed for known delinquencies; the second was filed to compel and audit of records. It is very simple---and quite obviously not the same claim. At the time that the first

Complaint was filed, plaintiffs were aware that Rio Grande had become delinquent to the Trust Funds for a certain period of time. That suit was resolved via Stipulated Judgment, allowing a payment plan for all amounts due.

The second suit was filed, admittedly by the same parties, to Compel an Audit of Rio Grande's records. This is a separate and distinct requirement pursuant to the Collective Bargaining Agreement, and was not pending at the time that the previous matter was resolved. The audit was not requested by the Trust Funds' auditors until after the Stipulation was signed and filed with this Court. The first action, and this action may both arise from the Collective Bargaining Agreement and Rio Grande's failure to comply with its provisions, but there is not the same "transactional nucleus of facts as suggested by Rio Grande. The claims quite obviously are not identical, and the claims in the current action certainly could not have been raised in the prior action as there was no audit pending. Rio Grande characterizes the new Complaint as a Complaint for payment of contributions, and secondarily a Complaint to Compel Audit. A review of the Caption of the Complaint alone demonstrates that this is not the case. It is a Complaint to Compel the Audit, and of course the relief requested would include payment of the amounts due---plaintiffs must protect their rights.[1] Mere logic dictates that it could not have been included in the prior Judgment. Plaintiffs did not know what, *if any*, amounts were due. How could the prior Judgment be amended, when Rio Grande was precluding plaintiffs from finding out what amounts (again, if any) were due? Rio Grande is speaking out of both sides of their mouth. They are saying on the one hand that these amounts that are now due should have been included in the prior Judgment, without addressing the fact that they did not comply with the audit in the first place, so there were no amounts to add, even if that were the proper mechanism. What were plaintiffs to do to compel the audit? File a Motion to Enforce the prior Judgment? That Judgment did not include any audit requirements, so what would plaintiffs be seeking to enforce? The other option was that plaintiffs could have filed a Motion to Amend the prior Judgment. Again, Rio Grande would not comply

---

[1] It should be noted that Rio Grande's counsel has objected to adding the new amounts found due to the prior Stipulated Judgment as he suggests should be done.

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**
**CASE NO.: C07-5442 PJH**
P:\CLIENTS\PATCL\Rio Grande Painting\Audit\Pleadings\122807\C07-5442 PJH Plaintiffs' Opposition to Motion to Dismiss 122807.DOC

1  with the audit (finally providing documents AFTER the new Complaint was filed) so there was no
2  way to know what amounts, if any, should have been added to the Judgment.
3      There was also no "judgment on the merits" in the prior matter. Nothing was litigated,
4  nothing was adjudicated. It was a settlement of the claims memorialized in the form of the
5  Judgment. Rio Grande insisted on the infamous Paragraph 11 in the Stipulated Judgment as they
6  thought that there were amounts contained therein that were not due. They were clearly stating, by
7  adding that paragraph, that they reserved their right to contest the amounts due. There is also a
8  paragraph in the Stipulated Judgment allowing a Motion to Amend, if either party disputes the
9  finding. Again, this is an "out" giving rise to objection to the amounts due, which further shows
10 that the claims were not fully adjudicated. Moreover, although Rio Grande suggests the opposite,
11 plaintiffs, by the infamous Paragraph 11 of the Stipulated Judgment, expressly reserved the rights
12 to collect on any additional amounts found due. There is no preclusion of "re-litigation" as
13 suggested by Rio Grande—it is just the opposite.
14     Res Judicata simply does not apply here---the Complaint must be answered by Rio Grande.

**VI.    CONCLUSION**

There is no doubt that this Motion is yet another attempt to evade the terms and provisions of the Collective Bargaining Agreement. The Complaint itself, even just looking at the caption alone, demonstrates that it is not the same claims as the prior action, which again, was never litigated. The standard for a Motion to Dismiss has simply not been met. Alternatively, if Rio Grande is seeking Summary Judgment, the Complaint should be viewed in that light and again this fails. There is clearly a triable issue of fact here. Rio Grande simply must be held to answer the Complaint.

Respectfully submitted,

Dated:  December 28, 2007         SALTZMAN & JOHNSON
                                  LAW CORPORATION

                        By:     _____/s/_____
                                  Michele R. Stafford
                                  Attorneys for Plaintiffs

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**
**CASE NO.: C07-5442 PJH**
P:\CLIENTS\PATCL\Rio Grande Painting\Audit\Pleadings\122807\C07-5442 PJH Plaintiffs' Opposition to Motion to Dismiss 122807.DOC

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105

On December 28, 2007, I served the foregoing document on the parties to this action, addressed as follows, in the manner described below:

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**

☑   MAIL, being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed envelope fully prepared.

*Addressed to:*

    **Ed Kraus, Esq.**
    **Creech, Liebow & Kraus**
    **333 West San Carlos Street, Suite 1600**
    **San Jose, California 95110**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 28th day of December, 2007, at San Francisco, California.

                                _____/s/_____
                                      Vanessa de Fábrega