Peter A. Liebow, Esq. (SBN 116696)
Edward A. Kraus, Esq. (SBN 162043)
CREECH, LIEBOW & KRAUS
333 West San Carlos Street, Suite 1600
San Jose, CA 95110
Telephone: (408) 993-9911
Facsimile: (408) 993-1335

Attorneys for Defendant,
RIO GRANDE PAINTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; LES PROTEAU AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,<br><br>    Plaintiffs,<br><br>vs.<br><br>RIO GRANDE PAINTING, INC.,<br><br>    Defendant. | Case No.: C 07 5442 PJH<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Date: January 16, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3 |

**I.    PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT THIS COMPLAINT MUST BE DISMISSED AS BEING BARRED BY THE PRIOR ACTION.**

Plaintiffs' recitation of allegations beyond the face of the pleading, and the judicially noticed Stipulated Judgment demonstrates that the current complaint is barred by the doctrine of res judicata. A review of the Complaint and the Stipulated Judgment in the prior action demonstrates that there is "'(1) an identity of claims, (2) a final judgment on the merits, and (3)

---
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT    1

identity or privity between the parties.'" (*Owens v. Kaiser*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).)

Plaintiffs' Opposition attempts to demonstrate that in Plaintiffs' collective mind, and through the use of allegations beyond the face of the Complaint or the Stipulated Judgment (allegations that are disputed as to their accuracy), the two suits are different. Plaintiffs state that the current Complaint is only for an audit. Apparently, the prayer and allegations in this Complaint for unpaid contributions arising from the same time period as the prior action are wholly secondary.

As the Court in *Owens* stated, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" (*Id. at 714.*) As noted in the original moving papers, and confirmed by Plaintiffs' Opposition, the first lawsuit dealt with the same transactional nucleus of facts, alleged unpaid contributions by Defendant during the same relative time period, and arising from the same collective bargaining agreement.

As noted extensively in the moving papers, the Stipulated Judgment dealt with that claim including the ability to amend the Judgment to add later found amounts. The plain meaning of the Stipulated Judgment language is that Plaintiffs can amend the Stipulated Judgment to add amounts discovered later. Those amounts are for the same basic time period as this Complaint. That Judgment created an approach to deal with any unpaid amounts subsequently discovered.

Further, Plaintiffs' footnote that Defendant has objected to the additions of the audit findings is also misstating and improperly citing settlement communications. Defendant does not object to additional amounts being added to an amended judgment. Defendant objects to the actual amounts set forth in the completed audit because the audit is incorrect and adds in amounts that are not allowed pursuant to the Collective Bargaining Agreement. That ability to discuss and determine additional amounts is also set forth in the Stipulated Judgment. As set forth in Paragraph 11, the Stipulated Judgment requires the parties to provide documentation to amend the Complaint.

///

1   Interestingly, Plaintiffs' entire Opposition is based upon the fact that the Complaint is
2   fundamentally to force an audit. That was the reason for filing this current action. However, in
3   Plaintiffs' own Opposition, again extraneously, admits that the audit has been satisfactorily
4   completed on November 27, 2007.

5   That extraneous fact, if considered, means that this current Complaint is moot. If the sole
6   purpose of the Complaint was to compel an audit, that audit has happened. If Plaintiffs then
7   argue that the amounts must be awarded now, then the Complaint is really a request for damages
8   arising from unpaid contributions, the exact same transactional nucleus of facts as the first
9   action. Plaintiffs' are trying to unnecessarily waste judicial resources with a moot and improper
10  action.

11  Further, Defendant is not asking for this Court to consider extraneous facts and should
12  strike the Declaration of Michele Stafford and most of the Opposition as arguing allegations
13  beyond the face of the pleadings or what can be judicially noticed by this Court. In addition, the
14  Declaration of Michele Stafford is not of appropriate evidentiary quality and is based upon
15  hearsay.

**A.   THE COURT CAN CONSIDER THOSE DOCUMENTS THAT CAN BE JUDICIALLY NOTICED.**

This is a Motion to Dismiss. The Court is limited to the face of the pleadings, attachments to the pleadings and those documents that can be judicially noticed. (*Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 1995).) As the Court in *Shaw* stated,

> "We take judicial notice of Judge Wilson's order. In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir., 1986) (district court's consideration of state administrative records to determine whether an agency decision had a collateral estoppel effect on the plaintiff's claim did not convert defendant's 12(b)(6) motion to one for summary judgment). (*Id.*).

The Court in *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), held that "[a] court may, however, consider certain materials—documents attached to the complaint, documents

1  incorporated by reference in the complaint, or matters of judicial notice—without converting the
2  motion to dismiss into a motion for summary judgment." (*Id.*)
3      Thus, Defendant's motion did not request of this Court to review anything beyond the
4  pleadings and the judicially noticed Stipulated Judgment. Plaintiffs cannot attempt to turn
5  Defendant's motion into a summary judgment by adding extraneous allegations.

      **B.    WHEN LOOKING AT THE PLEADINGS AND THE STIPULATED JUDGMENT, PLAINTIFFS' CLAIMS FOR AN AUDIT AND UNPAID CONTRIBUTIONS ARE PRECLUDED BY THE PRIOR ACTION; THOSE CLAIMS WERE OR COULD HAVE BEEN RAISED IN THE PRIOR ACTION AND A STIPULATED JUDGMENT IS A JUDGMENT ON THE MERITS.**

      Plaintiffs are seeking two alleged claims in this Complaint, an audit and the discovered unpaid contributions arising from that audit. Because this Complaint deals with the same operational facts, the audit could have been or should have been raised as part of the Stipulated Judgment. In fact, because of the language of the Stipulated Judgment, it is Defendant's position that this demand for an audit could have been made as a motion to enforce the judgment.

      Regardless, the audit comes from the same agreement and operational set of facts and should have been raised in the prior action. The Court in *Shaw* stated that, "under the doctrine of claim preclusion, `[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" (*Shaw v. Hahn*, 56 F.3d 1128, 1132 (9th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).)

      In the *Shaw* case, the Court held that the complaint failed to state a claim because the claim before the court, a *Batson* claim, had been litigated in the underlying case.

      In *Davidson v. Culver City*, 2004 U.S. Dist. Lexis 30574 (CD Cal 2004), the Court held that the Complaint before that Court was precluded from being brought by a prior action on the same subject matter which had been resolved in a prior case before the same Court. The issue in the first case involved Plaintiff Davidson's constitutional right to display banners, pennants; and signs throughout Culver City. The Court, in the second action, noted that the first action was "fully resolved by settlement and a Stipulated Declaratory Judgment entered on May 23, 2003."

---

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT     4

L:\Riogr-02\Motion to Dismiss\Reply to Opposition to Motion to Dismiss (1.2.08).doc

1  (*Id. at 4.*)   The Court also noted that "[t]hrough the stipulated judgment, the parties also agreed
2  to follow a detailed out of court procedure, in good faith, to resolve any disputes regarding the
3  stipulated judgment prior to commencing any legal action." (*Id. at 4-5.*)

4  In spite of this first case and resolution, Plaintiff Davidson filed this case to resolve the
5  same type of claim against Culver City, her constitutional right to display banners throughout
6  Culver City.  Davidson admittedly refused to follow the Stipulated Judgment procedure for
7  handling matters between the parties.  The *Davidson* Court also noted that the motion is limited
8  to the face of the Complaint and any matters for which it can take judicial notice including the
9  Culver City ordinances and "[t]he Stipulated Declaratory Judgment disposing of Davidson v.
10 City of Culver City, CV 02-2566 GAF (CWx) attached as Exhibit C to the motion." (*Id. at 18.*)

11 In *Davidson*, Defendant contended that the stipulated judgment barred the current
12 complaint because the claims are barred by the earlier stipulated judgment.  The Court held that
13 "the stipulated judgment has preclusive effect over the claims, if not the issues, raised by the
14 instant action because a judgment entered with the consent of the parties may involve
15 determinations of fact and law by a court and these determinations may be given preclusive
16 effect in subsequent proceedings… Indeed, the stipulated judgment is organized issue by issue,
17 implying that the parties intended the judgment to have issue preclusive effect." (*Id. at 21.*)

18 Similarly, the Court in *In Re Baker*, 74 F.3d 906, 910 (9th Cir. 1996), held that a
19 stipulated judgment in tax court had preclusive effect.  "For res judicata purposes, an agreed or
20 stipulated judgment is a judgment on the merits." (*Id.*)  (See also *In Re Imperial Corporation of*
21 *America*, 95 F.3d 1503, 1506 (9th Cir. 1996) [based upon a stipulated judgment, the court held
22 that the doctrine of claim preclusion (res judicata) provides that a final judgment on the merits
23 bars a subsequent action between the same parties or their privies over the same cause of action;
24 the judgment prevents litigation of all grounds and defenses that were or could have been raised
25 in the action].

26 In the case at bar, the Stipulated Judgment clearly was designed to deal with the claims
27 being raised in the current Complaint.  There is a method by which Plaintiffs or Defendant can
28 amend the Stipulated Judgment to add or subtract amounts as discovered, including by an audit.

_____5
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

L:\Riogr-02\Motion to Dismiss\Reply to Opposition to Motion to Dismiss (1.2.08).doc

The plain meaning of the Stipulated Judgment demonstrates that the current Complaint raises claims that were or could have been raised in the prior action. Thus, this current Complaint must be dismissed.

## II.   CONCLUSION

For the reasons stated herein, and in the moving papers, Defendant RIO GRANDE PAINTING INC. respectfully requests that this Court dismiss the Complaint.

DATED: January 2, 2008                   CREECH, LIEBOW & KRAUS

By: _____/s/_____
         EDWARD A. KRAUS
         Attorney for Defendant,
         RIO GRANDE PAINTING, INC.